IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HECTOR L. HUERTAS, | |
| Plaintiff, | Civil No. 08-244 (JBS) |
| v. | |
| TRANSUNION, LLC., et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Hector L. Huertas, Pro Se
P.O. Box 448
Camden, NJ 08101

Elias Abilheira, Esq.
ABILHEIRA & ASSOCIATES, P.C.
34 East Main Street
Freehold, NJ 07728
    Counsel for Defendant Dishnetwork/Echostar

**SIMANDLE**, District Judge:

## I.   INTRODUCTION

This matter is before the Court on the motion of Defendant Dishnetwork/Echostar ("Dishnetwork") for summary judgment and for Rule 11 sanctions [Docket Item 59], as well as Plaintiff's motion to file a Third Amended Complaint [Docket Item 63].  The principal issue to be decided is whether a settlement agreement Plaintiff entered with former defendant AFNI, Inc., and which covers AFNI's "clients," also settled Plaintiff's claims against Dishnetwork.

**II.  BACKGROUND**

Plaintiff initially brought this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 against three defendants: Transunion LLC, a credit reporting agency, AFNI Inc., a debt collection firm, and T-Mobile, a cellular telephone services company.  Plaintiff alleged that AFNI and T-Mobile improperly obtained his credit report from Transunion without a lawful purpose under the Act.  Shortly after filing, Plaintiff amended the complaint to add as defendants engaging in the same alleged conduct another debt collection firm, Assetcare Inc., and its parent company, NCO Group Inc.  AFNI was the only defendant to answer or otherwise respond to either complaint.

On March 6, 2009, Plaintiff filed a Second Amended Complaint, dismissing Transunion and AFNI because those parties reached a settlement with Plaintiff, and adding Dishnetwork and a debt collection firm, Bureau of Collection Recovery, Inc.  The Second Amended Complaint also added two more counts; one under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 based on the debt collection firms' efforts to collect unidentified debts and one under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1962 based on an alleged conspiracy to collect a false satellite dish debt.

The settlement reached with AFNI prior to the filing of the Second Amended Complaint released AFNI and, among other parties,

its "clients."  Defendant Dishnetwork, who was added to this action by the Second Amended Complaint, moves for summary judgment based on the settlement agreement releasing AFNI and its clients.[1]  Defendant also seeks Rule 11 sanctions, arguing that adding Defendant to the Second Amended Complaint was frivolous in light of the settlement agreement reached after Plaintiff moved to amend.

Finally, Plaintiff seeks to file a Third Amended Complaint.[2] As originally proposed, the Third Amended Complaint would add a new defendant, a debt collection firm called ER Solutions, and additional RICO claims involving T-Mobile and Dishnetwork's conspiring with ER Solutions to collect allegedly false debts. Since this motion was filed, Plaintiff has settled with T-Mobile and the Bureau of Collection Recovery, Inc., who have been dismissed.  The only existing party included in a possible Third Amended Complaint would therefore be Dishnetwork, who opposes the amendment.

---

[1]  Plaintiff challenges service of the motion because no hard copy was served, but Plaintiff seems simply to have forgotten that he consented to electronic service, pursuant to Federal Rules of Civil Procedure 5(b)(2)(F) and 77(d), as well as Local Civil Rule 5.2 [Docket Item 2].

[2]  Plaintiff raises an issue regarding a discovery dispute in his reply brief regarding the motion to amend.  The Court will not address this issue as it is improperly raised in the reply brief to an unrelated motion.

**III. SUMMARY JUDGEMENT**

    **A. Standard**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The court must view the evidence presented in favor of the non-moving party by extending any reasonable favorable inference to that party. Hunt v. Cromartie, 526 U.S. 541, 552 (1999). The nonmoving party must adduce evidence of specific facts showing that there is a genuine issue for trial. U.S. v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993).

Local Civil Rule 56.1(a) requires the movant to provide a Statement of Material Facts not in Dispute, and the non-movant to respond to the movant's statement paragraph-by-paragraph. Failure to respond means that the facts shall be deemed undisputed for purposes of the summary judgment motion, in accordance with the amended text of L. Civ. R. 56.1(a). See also White v. Camden City Bd. of Educ., 251 F. Supp. 2d 1242, 1246 n.1 (D.N.J. 2003), aff'd, 90 Fed. App'x 437 (3d Cir. 2004).

    **B. Analysis**

The settlement agreement reached between Plaintiff and AFNI states in relevant part that:

4

>     [Plaintiff] does hereby release, acquit and
>     forever discharge AFNI, Inc., together with
>     its current and former insurers, partners,
>     shareholders, officers, directors, employees,
>     predecessors, successors, affiliates,
>     subsidiaries, parent companies, assigns,
>     attorneys, servants, clients and agents
>     (hereinafter collectively referred to as
>     "Releasees"), of and from any and all
>     liability . . . resulting from or to result
>     from the actions and omissions of Releasees as
>     to the actions and omissions alleged in and
>     that could have been alleged in the Complaint
>     . . . in any manner whatsoever connected to
>     the prior collection or attempted collection
>     of the debt alleged in such complaint.

(Picchione Aff., Ex-B.)  Construction and enforcement of settlement agreements is governed by state law. Excelsior Ins. Co. v. Pennsbury Pain Ctr., 975 F. Supp. 342, 348-49 (D.N.J. 1996). Under New Jersey state law, a "settlement between parties to a lawsuit is a contract like any other contract." Peskin v. Peskin, 638 A.2d 849, 856 (N.J. Super. Ct. App. Div. 1994). The question on this summary judgment motion is if there is a genuine dispute of fact over whether Defendant is a client of AFNI as the term is used in the settlement agreement.[3]

There is no dispute that Defendant was a client of AFNI at least for some purposes. Defendant's unopposed Statement of

---

[3] Defendant does make one other argument aside from its status as a client, but the argument is not especially clear. It is seemingly based on a conflation of three distinct doctrines: accord and satisfaction, liability of principals when agents have been released under tort law, and contract law as applied to the settlement of federal statutory claims. The Court need not untangle and attempt to assess this argument because Defendant prevails by the express terms of the settlement agreement.

5

Material Facts Not in Dispute asserts the fact of a client relationship (Def.'s Statement of Material Facts Not in Dispute, ¶ 8), and supports it with the affidavit of Shannon Picchione, Vice President of Customer Service Center Management Operations for Defendant. The affidavit also includes an exhibit, which is the contract between AFNI and Defendant for various collection services (Picchione Aff., Ex-D.). Indeed, the substance of the Second Amended Complaint itself is that Dishnetwork hired AFNI to collect the satellite dish debt that is the subject of the claims against Dishnetwork and AFNI. (Compl. ¶¶ 22-41.) Plaintiff does not adduce any evidence to the contrary on this motion or even offer a response to Defendant's Statement. Because Defendant's Statement of Material Facts not in Dispute was unopposed, those facts that are cited to the evidentiary record as required by L. Civ. R. 56.1(a) will, as provided by that rule, be deemed uncontested for purpose this motion.[4] Even if this were not so, the uncontradicted affidavit would be sufficient to establish the undisputed material fact of a client relationship. Plaintiff argues that the contract provided as an exhibit to the affidavit

---

[4] If a pro se opponent provides a timely written submission adducing evidence that contradicts facts in the Rule 56.1 statement, the court may deem the facts disputed, "provided that the facts are supported by evidence in the record." Reid v. Schuster, 2008 U.S. Dist. LEXIS 22113 (D.N.J. 2008). But that is not the case here. It should also be noted that although Plaintiff is proceeding pro se, he is an experienced litigant before this Court. He has been a Plaintiff in 19 suits filed in this Court since 2003.

must be authenticated to be admissible, and therefore cannot be appropriately considered on summary judgment. But since Defendant's affidavit based on personal knowledge is uncontradicted, even if the contract were inadmissible, the fact asserted in the uncontradicted affidavit would be taken as undisputed.

Plaintiff argues that any contract between Defendant and AFNI to collect an unlawful debt would be void as a matter of law, and so the two parties are merely co-conspirators rather than having a lawful client relationship. Assuming for the sake of argument that Plaintiff's contention with respect to the voidness of the contract were true as a matter of contract law, this argument has two implicit and necessary premises, both of which are unsupported. The first is that the debt was non-existent or otherwise not subject to collection, which is a contention made in the pleadings but unsupported by any evidence in the record. Demonstration of this fact is a necessary predicate to Plaintiff's argument regarding the non-existence of the client relationship, and Plaintiff has adduced nothing to support it. Plaintiff may not withstand summary judgment by resting on mere allegations in the pleadings. <u>U.S. v. Premises Known as 717 S. Woodward Street, Allentown, Pa.</u>, 2 F.3d 529, 533 (3d Cir. 1993).

7

Second, Plaintiff's argument requires the definition of "client" to exclude those entities that hired AFNI to collect the debt that is the subject of the complaint being settled. This definition of the word makes no sense in the context of the settlement agreement. Any AFNI client against whom Plaintiff might have a claim to release based on the debt in question would necessarily be excluded from the definition of "client" under Plaintiff's interpretation. The Court will not interpret the settlement agreement to include a word denoting a logically empty set without some very compelling reason to do so.

Without any evidence that the contract between Defendant and AFNI was unlawful, and without any reason to interpret the settlement agreement's use of the word "client" to be exclusive of entities hiring AFNI to collect the debt that is the subject of the complaint being settled, Plaintiff's argument fails. Summary judgment must be granted.

## IV. RULE 11 SANCTIONS

### A. Standard

Rule 11, Fed. R. Civ. P., requires that an attorney or unrepresented party who submits a complaint certify that there is a reasonable basis in fact and law for its claims.[5] The Third

---

[5] Rule 11 provides in relevant part:

(b) Representations to Court. By presenting to

Circuit Court of Appeals has held that "[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 289 (3d Cir. 1991) (citations omitted). Rule 11 sanctions are warranted "only in the 'exceptional circumstances' where a claim or motion is patently unmeritorious or frivolous." Watson v. City of Salem, 934 F. Supp. 643, 662 (D.N.J. 1995)(citing Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)). Sanctions are imposed only in those rare instances where the evident frivolousness of a claim or motion amounts to an "abuse[ ] of the legal system." Doering, 857 F.2d at 194. Pro se litigants are not immune from such sanctions. See Unanue Casal v. Unanue Casal, 132 F.R.D. 146, 152 (D.N.J. 1989), aff'd, 898 F.2d 839 (3d Cir. 1990). However, the analysis of reasonableness takes into account the party's pro se status. Bacon v. AFSCME Council, 795 F.2d 33, 34-35 (7th Cir. 1986).

---

> the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed.R.Civ.P. 11.

### B. Analysis

Defendant asserts that it gave Plaintiff the requisite notice that the Complaint was barred for the reasons offered in the summary judgment motion, and that Plaintiff's refusal to withdraw the complaint in light of these arguments is therefore a Rule 11 violation. The Court finds that no sanction is warranted, though this presents a close question. The Court does not find, on balance, that Plaintiff's opposition to this motion was not in good faith, even though it is unavailing. Considering his pro se status, Plaintiff's refusal to withdraw the complaint when presented with Defendant's motion for summary judgment does not amount to pursuing such a patently frivolous claim so as to constitute abuse of the legal system.[6] In the future, however, Plaintiff's assertion of claims for which he has no evidence, or his failure to voluntarily dismiss claims and parties when he is unable to proffer admissible evidence opposing a summary judgment motion, may be found to be abusive, triggering appropriate sanctions under Rule 11 or under 28 U.S.C. § 1927.

### V. MOTION TO AMEND THE COMPLAINT

---

[6] In the future, Mr. Huertas will follow the rules for opposing summary judgment under L. Civ. R. 56.1(a). His unrepresented status will not excuse him from such compliance, and his future failure to comply may be considered as evidence of bad faith if he nonetheless persists in opposing summary judgment without relevant and admissible factual evidence.

Because the Court will grant Defendant Dishnetwork's motion for summary judgment, the motion to amend the complaint is no longer opposed by any active party.  However, the proposed Third Amended Complaint includes several claims and parties that have been dismissed.  Additionally, today's ruling with respect to the scope of the settlement agreement may substantially affect what pleadings Plaintiff can make in good faith in a Third Amended Complaint.  Since any Third Amended Complaint that was consistent with this Opinion would vary substantially with the proposed version, the Court will deny the current motion to amend without prejudice to Plaintiff filing a new motion to amend with a proposed complaint that names only those defendants against whom Plaintiff has a claim, consistent with today's Opinion and Rule 11, Fed. R. Civ. P.  Any such motion to amend must demonstrate, in this two-year-old case, that there has not been undue delay, that the amendment is not futile, and that it is not time-barred under any applicable statute of limitations.

## VI.  CONCLUSION

The settlement agreement reached between Plaintiff and AFNI released AFNI's clients from actions related to the collection of the disputed debt.  Defendant Dishnetwork is clearly covered by that agreement, and Plaintiff's only argument otherwise is unsupported.  Nevertheless, sanctions against Plaintiff are

unwarranted because, in light of his pro se status, his opposition to the motion appears to have been in good faith. Plaintiff's motion to amend the complaint will be denied without prejudice to the submission of a motion to amend with a proposed Third Amended Complaint that is consistent with today's Opinion and Rule 11, Fed. R. Civ. P.


**May 6, 2010**                                    **s/ Jerome B. Simandle**
Date                                                     JEROME B. SIMANDLE
                                                                United States District Judge