IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HECTOR L. HUERTAS, | : |
| Plaintiff, | : Civil No. 08-244 (JBS) |
| v. | : **OPINION** |
| TRANSUNION, LLC., et al., | : |
| Defendants. | : |

APPEARANCES:

Hector L. Huertas, Pro Se
P.O. Box 448
Camden, NJ 08101

Elias Abilheira, Esq.
ABILHEIRA & ASSOCIATES, P.C.
34 East Main Street
Freehold, NJ 07728
     Counsel for Defendant Dishnetwork/Echostar


**SIMANDLE**, District Judge:

# I.  INTRODUCTION

This matter is before the Court on the motion of Plaintiff
for the Court to amend its Order of May 5, 2010 pursuant to Rule
59(e), Fed. R. Civ. P. [Docket Item 88], as well as Defendant's
cross-motion for attorney's fees as a sanction pursuant to Rule
11 [Docket Item 89].


# II.  BACKGROUND

Plaintiff initially brought this action under the Fair
Credit Reporting Act, 15 U.S.C. § 1681 against a number of

defendants.  Huertas v. Transunion, LLC, Civil No. 08-244 (JBS),
2010 WL 1838410, at *1 (D.N.J. May 6, 2010).  The case originally
involved the alleged improper use of Plaintiff's credit report.
(Compl. ¶¶ 10-12.)  But Plaintiff subsequently moved to add
allegations and claims regarding the attempted collection of a
debt related to a satellite television receiver which Plaintiff
alleges he did not owe (because he never received the equipment).
[Docket Item 19.]  Before this motion to file a Second Amended
Complaint was decided, a settlement was reached between the
existing parties regarding all claims, including the claims in
the proposed Second Amended Complaint.  Thus, when Plaintiff
filed the Second Amended Complaint, he dismissed the two parties
that had reached a settlement with him (Transunion and AFNI), and
added Dishnetwork.  Huertas, 2010 WL 1838410, at *1.  In other
words, having dismissed the credit union and the debt collector,
Plaintiff sought further relief from the originator of the debt.

     Dishnetwork moved for summary judgment based on the
settlement agreement, which released AFNI and its "clients."  Id.
On May 5, 2010, the Court determined that the undisputed facts
showed that the settlement agreement also settled Plaintiff's
claims against Dishnetwork because Dishnetwork was a client of
AFNI.  Id. at *2.  Plaintiff had argued that Defendant and AFNI
were merely co-conspirators, rather than one being the client of
the other, because their contract involved the collection of an

illegal debt and was therefore void.  Id. at *3.  The Court

rejected this argument because, even assuming for the sake of

argument that Plaintiff's contention with respect to the voidness

of the contract were true as a matter of contract law, Plaintiff

did not adduce any evidence that the debt could not lawfully be

collected; the Court also independently rejected the argument

because Plaintiff's proposed reading of the term "client" to

exclude such a relationship involving collection of the debt in

question in the case was illogical, as it would read the term out

of the settlement agreement altogether.  Id.

     Dishnetwork had also sought Rule 11 sanctions against

Plaintiff, arguing that adding Defendant to the Second Amended

Complaint was frivolous in light of the settlement agreement

reached after Plaintiff moved to amend.  Id. at *4.  The Court

found that no sanction was warranted, though it presented a close

question.  Id.  The Opinion stated:

> Considering his pro se status, Plaintiff's
> refusal to withdraw the complaint when
> presented with Defendant's motion for summary
> judgment does not amount to pursuing such a
> patently frivolous claim so as to constitute
> abuse of the legal system.  In the future,
> however, Plaintiff's assertion of claims for
> which he has no evidence, or his failure to
> voluntarily dismiss claims and parties when he
> is unable to proffer admissible evidence
> opposing a summary judgment motion, may be
> found to be abusive, triggering appropriate
> sanctions under Rule 11 or under 28 U.S.C. §
> 1927.

Id.

Plaintiff has now filed a motion pursuant to Rule 59(e) to amend the Court's May 5, 2010 Order [Docket Item 88]. In it, Plaintiff argues that the Court should have considered the contents of an audio CD attached to his Second Amended Complaint which contained recorded phone calls which he contends prove that the collection of the debt was unlawful. Defendant renews its motion for Rule 11 sanctions [Docket Item 89], arguing that if Plaintiff's previous pursuit of the claim was close to being frivolous, then Plaintiff's continued pursuit of the claim, by way of this Rule 59 motion, is frivolous.

## III.  DISCUSSION

### A.  Motion to Alter or Amend

In the District of New Jersey, motions for a Court to reconsider a judgment pursuant to Rule 59, Fed. R. Civ. P. are determined according to Local Civil Rule 7.1(i). See Byrne v. Clastro, 2006 U.S. Dist. LEXIS 64054 (D.N.J. Aug. 28, 2006). Absent a change in the law or availability of new evidence (neither of which Plaintiff alleges), to prevail on a motion for reconsideration the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (citations omitted). Plaintiff argues that the Court

failed to address the content of the audio CD he submitted with his Second Amended Complaint which would show that the debt in question could not lawfully be collected, even though he failed to point to the CD as evidence for his position in his opposition to summary judgment.

Plaintiff's motion is without merit.  First, the audio files on the CD do not constitute evidence that the debt was improper. They are a series of conversations between Plaintiff and various customer service representatives in which Plaintiff makes representations regarding the satellite receiver which the representatives attempt to investigate.  The audio files end before the listener learns the outcome of the customer service representatives' investigation.  Nothing in the seven audio files is evidence that Plaintiff did not receive the equipment for which he was charged.  Second, even if the audio files were evidence that the debt was improper, the fact is not material, because Plaintiff does not address the Court's independent finding that there was no support for a definition of "client" in the settlement agreement that would exclude the originator of the false debt.  Plaintiff was precluded by the plain language of his own settlement agreement from launching a claim against AFNI's client, Dishnetwork, whether or not Plaintiff had evidence of Dishnetwork's culpability.  For these reasons, Plaintiff's motion will be denied.

### B.  Motion for Rule 11 Sanctions

Rule 11, Fed. R. Civ. P., requires that an attorney or unrepresented party who submits a complaint certify that there is a reasonable basis in fact and law for its claims.[1]  The Third Circuit Court of Appeals has held that "[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 289 (3d Cir. 1991) (citations omitted).  Rule 11 sanctions are warranted "only in the 'exceptional circumstances' where a claim or motion is patently unmeritorious or frivolous." Watson v. City of Salem, 934 F. Supp. 643, 662 (D.N.J. 1995)(citing Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)).  Sanctions are imposed only in those rare instances where

---

[1]  Rule 11 provides in relevant part:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed.R.Civ.P. 11.

the evident frivolousness of a claim or motion amounts to an
"abuse[ ] of the legal system."  Doering, 857 F.2d at 194.  Pro
se litigants are not immune from such sanctions.  See  Unanue
Casal v. Unanue Casal, 132 F.R.D. 146, 152 (D.N.J. 1989), aff'd,
898 F.2d 839 (3d Cir. 1990).  However, the analysis of
reasonableness takes into account the party's pro se status.
Bacon v. AFSCME Council, 795 F.2d 33, 34-35 (7th Cir. 1986).

     Although Plaintiff's motion is ultimately meritless for the
two reasons described above, the Court does not find it to be so
unreasonable as to be an abuse of the legal process.  Plaintiff
is correct in pointing out that the Court stated that the
unlawfulness of the debt was "unsupported by any evidence in the
record," without explaining why the audio CD was not such
evidence.  It does not fall outside the bounds of good faith for
an unrepresented party reading Rule 59, Fed. R. Civ. P., to argue
that the Court should amend its judgment, given his position
regarding the import of the audio CD — even though the Court had
an additional independent reason for its judgment.

     That said, the clear legal requirement for reconsideration
is the presentation of a fact which would be dispositive as to
the result — i.e., the fact must be such that if found when
initially determining the matter would have changed the result.
See P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F.
Supp. 2d 349, 353 (D.N.J. 2001).  Plaintiff, who is not a lawyer,

may not have been aware of this requirement of the law until now, especially because the relationship between reconsideration and a motion to amend the judgment is not made plain by the text of those rules.  But Mr. Huertas is made aware of this requirement by this Opinion.  Any future motions for reconsideration filed by Mr. Huertas can be considered frivolous and violative of Rule 11, Fed. R. Civ. P., if they do not contain a colorably dispositive fact or provision of law which has been overlooked, or otherwise present a colorable claim under the controlling law for reconsideration.

## IV.   CONCLUSION

Plaintiff's motion to amend the judgment will be denied because it does not present dispositive facts that were presented to the Court but overlooked; the fact it presents was neither identified in a Rule 56.1 Statement nor, more importantly, was it dispositive.  But Plaintiff's meritless motion does not constitute an abuse of the legal system warranting Rule 11 sanctions.  The accompanying Order will be entered.

**December 16, 2010**                        **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    United States District Judge

8